**ROSELLE CONSTRUCTION CORP., et al v.
CITY OF HIALEAH.**
No. 72-26309.
Circuit Court, Dade County.
May 8, 1973.

Carlos B. Fernandez, Miami, for the plaintiffs.

Ralph F. Miles, Hialeah City Attorney, for the defendant.

Stuart L. Simon, County Attorney, Alan T. Dimond, Assistant County Attorney, for Metropolitan Dade County, intervenor.

FRANCIS J. CHRISTIE, Circuit Judge.

This cause came on to be heard pursuant to Rule 1.540 (b) (3), Florida Rules of Civil Procedure, after proper notice to all parties, on intervenor Metropolitan Dade County's motion for relief from order dated December 29, 1972. That order required the chief building inspector for the city of Hialeah to issue immediately to plaintiffs a building permit for construction of a 54-unit condominium apartment complex to be located in that city.

The court, having considered fully the pleadings, the stipulations of the parties, the testimony at the hearing and the exhibits in evidence, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law —

On December 1, 1972 the pollution control office of Metropolitan Dade County issued an order to the city of Hialeah that imposed a total hold on all building permits for any construction that will connect to the North Miami ocean outfall system.

The order of the pollution control officer was promulgated pursuant to the authority granted by the Code of Metropolitan Dade County. The pollution control officer testified that this building permit hold was and is presently caused by emergency conditions of an inadequate safety margin available for surge pressures in the North Dade sewage line. Further, that the connection of waste water sources for which building permits were issued through December 1, 1972 could erase the margin completely.

The pollution control officer, an engineer, relied on the reports of two consulting engineers employed to measure the pressure in the sewage transmission system.

On November 27, 1972, the plaintiffs applied to the city of Hialeah for a building permit for construction of the apartment complex upon property located in that city.

On or about December 15, 1972 plaintiffs were advised by the city of Hialeah that no permit could be issued, based solely upon the failure of plaintiffs to obtain written approval of the county pollution control officer. Plaintiffs were made fully aware of the permit ban and the county's interest therein.

The parties stipulated that plaintiffs had complied with all the other requirements of the city of Hialeah for the issuance of a building permit.

On December 28, 1972, plaintiffs filed their petition for a writ of mandamus only against the city of Hialeah. Although plaintiffs were aware that the county had promulgated the order that the

petition attacked, the county was not made a party to that suit and was not advised as to the existence of the suit.

On December 29, 1972, pursuant to a stipulation between plaintiffs and the city of Hialeah, the city was ordered to, and thereafter did, issue to plaintiffs a building permit. Construction on the site had not yet begun.

Metropolitan Dade County had and has presently a real and substantial interest in this cause and was and remains a necessary and indispensable party to this cause.

Metropolitan Dade County filed a motion for intervention and relief from order as soon as its pollution control department learned of the existence of the suit. By that time the permit had been issued by the city of Hialeah pursuant to the court's order. On January 19, 1973, plaintiffs were advised by Metropolitan Dade County that the county regarded the permit as void. Construction on the site began some time after plaintiffs received this advice from the county.

The county contends that the permit was, and is, void, because it was procured by extrinsic fraud. Illustrations of fraud of this character are given in the opinion in United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93, as prevention of an unsuccessful party from presenting his case, by fraud or deception practiced by his adversary; *keeping the opponent away from court;* falsely promising a compromise; *ignorance of the adversary about the existence of the suit or the acts of the plaintiff;* fraudulent representation of a party without his consent and connivance in his defeat; and so on. (See Fair v. Tampa Electric Company, Fla., 1946, 27 So.2d 514). Plaintiffs contend that they received the required pollution control department approval. The evidence shows that plaintiffs' plans were stamped by Dade County Pollution Control "Approval not required" prior to the December 1, 1972 permit hold. This was done because at the time the project's waste waters were to flow into an *approved* public sewer system and pursuant to §24-30 of the Code of Metropolitan Dade County, approval was not required. The effect of the pollution control officer's order of December 1, 1972 was to *disapprove* as a means of disposing of sewage, the North Miami ocean outfall system. Plaintiffs' buildings were to connect into that system and therefore before the permit could issue after December 1, 1972, pollution control approval was necessary. No such approval was sought by plaintiffs or granted by the county.

The court finds that the order dated December 29, 1972 was procured by plaintiffs through extrinsic fraud in that plaintiffs knew that the county had a vital and substantial interest in the litigation and did purposely keep the county ignorant of the exis-

110

tence of the suit and of all hearings thereon. Thus, plaintiffs knowingly kept the only real opponent away from court.

At this time the court does not rule on the validity of the pollution control order of December 1, 1972; only that it existed and plaintiffs had to attack it through Metropolitan Dade County rather than by suing the city of Hialeah. The court finds that the city of Hialeah acted properly at all times relevant hereto. Since plaintiffs began construction on the land with full knowledge of the existence of the county's order, they are estopped to now complain of the hardship imposed in ceasing construction. Further, since the permit was procured by fraud, it vested no rights whatsoever in plaintiffs, even though construction commenced pursuant thereto.

Accordingly, it is ordered, adjudged and decreed that —

Metropolitan Dade County's motion for relief from the order of December 29, 1972 is granted.

The order of December 29, 1972 is set aside and the city of Hialeah is relieved therefrom.

The building permit issued pursuant to that order is declared void, without prejudice to plaintiffs' right to litigate with Metropolitan Dade County the validity of the county's order dated December 1, 1972 and their right to a building permit.

Further, plaintiffs must cease construction of the subject apartment complex effective immediately (on May 4, 1973).